## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **MIGUEL CEJA GOMEZ,** | § | |
| | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **PAMELA BONDI,** | § | |
| *Attorney General*; | § | |
| **KRISTI NOEM,** | § | |
| *Secretary of Homeland Security*;[1] | § | |
| **TODD M. LYONS,** | § | |
| *Acting Director of U.S. Immigration &* | § | |
| *Customs Enforcement*; | § | |
| **MARY DE ANDA-YBARRA,** | § | |
| *Field Office Director for Enforcement and* | § | **EP-26-CV-00765-DCG** |
| *Removal Operations*; | § | |
| **U.S. DEPARTMENT OF HOMELAND** | § | |
| **SECURITY;** | § | |
| **SIRCE OWEN,** | § | |
| *Acting Director of Executive Office of* | § | |
| *Immigration Review*; | § | |
| **EXECUTIVE OFFICE OF** | § | |
| **IMMIGRATION REVIEW; and** | § | |
| **JOHN DOE,** | § | |
| *Warden of ERO East Montana El Paso* | § | |
| *Detention Facility*, | § | |
| | § | |
| *Respondents.* | § | |

## ORDER PROVISIONALLY GRANTING
## MOTION FOR ADMISSION PRO HAC VICE

---

[1] The Court will substitute Secretary Noem's successor as a named Respondent once her successor assumes office. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . .").

Attorney Elizabeth Eckholm moves to appear *pro hac vice* on behalf of Petitioner Miguel Ceja Gomez in the above-captioned case.[2]  Importantly, Ms. Eckholm has already appeared *pro hac vice* in at least one other case in this District.[3]

The Western District of Texas's January 6, 2014 Standing Order regarding *pro hac vice* fees states that once an "attorney not admitted to the bar of this Court" has "represent[ed] a party in any matter pending before this Court," that attorney must comply with "the full and complete admissions requirements . . . set forth in Local Court Rule AT-1" if she "wishes to practice in this Court in subsequent matters."[4]  "In plainer terms, once an attorney has appeared *pro hac vice* in the Western District of Texas, she must apply to become a member of the Western District of Texas's bar if she wishes to appear in another case in this District."[5]

The undersigned Judge's usual practice "when an attorney files a successive motion to appear *pro hac vice* in the Western District of Texas" is not to "deny that motion outright," but instead to "grant the motion subject to the condition that the attorney:"

(1)   "applies for admission to the Court's bar by a specified date;"

(2)   "pursues that application diligently;" and

(3)   "pays the applicable *pro hac vice* application fee."[6]

The Court will follow its usual practice here.

---

[2] *See Pro Hac Vice* Mot., ECF No. 2.

[3] *See id.* at 2; *see also* Motion for Admission *Pro Hac Vice*, *Tran v. Bondi*, No. 3:26-CV-00512 (W.D. Tex. Feb. 20, 2026), ECF No. 2.

[4] A copy of that Standing Order is available at https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Order-Regarding-Pro-Hac-Vice-Fees.pdf.

[5] *See, e.g.*, *Cacho v. Am. Health Plans, LLC*, No. 3:23-CV-00372, 2024 WL 3041017, at *1 (W.D. Tex. Jan. 3, 2024) (Guaderrama, J.).

[6] *See, e.g.*, *id.*

The Court therefore **GRANTS** Elizabeth Eckholm's "Motion for Admission *Pro Hac Vice*" (ECF No. 2) **IN PART**.

Ms. Eckholm **SHALL APPLY** for admission to practice before the U.S. District Court for the Western District of Texas on or before **April 20, 2026**.

Ms. Eckholm **SHALL PURSUE** that application diligently until the Court either admits her to practice or denies her application.

Should Ms. Eckholm fail to comply with those directives, the Court shall remove her as counsel of record for Petitioner in this case.

In the meantime, Ms. Eckholm **MAY** represent Petitioner *pro hac vice* in this case until the Court either admits her to practice before the Western District of Texas, denies her application for admission, or removes her as counsel of record for failure to comply with this Order.

If Ms. Eckholm has not already done so, she **SHALL TENDER** the $100 *pro hac vice* application fee to the Clerk of Court immediately.

**So ORDERED and SIGNED this 19th day of March 2026.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**