**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MIGUEL CEJA GOMEZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| **PAMELA BONDI,** Attorney General; | § | |
| **KRISTI NOEM,** Secretary of Homeland | § | |
| Security; [1] **TODD M. LYONS,** Acting | § | |
| Director of U.S. Immigration & Customs | § | |
| Enforcement; **MARY DE ANDA-** | § | |
| **YBARRA,** Field Office Director for | § | |
| Enforcement and Removal Operations; **U.S.** | § | **EP-26-CV-00765-DCG** |
| **IMMIGRATION & CUSTOMS** | § | |
| **ENFORCEMENT**; **U.S. DEPARTMENT** | § | |
| **OF HOMELAND SECURITY**; **SIRCE** | § | |
| **OWEN,** Acting Director of Executive Office | § | |
| of Immigration Review; **EXECUTIVE** | § | |
| **OFFICE FOR IMMIGRATION** | § | |
| **REVIEW**; **JOHN DOE,** Warden of ERO | § | |
| East Montana El Paso Detention Facility, | § | |
| | § | |
| *Respondents*. | § | |
| | § | |

## ORDER TO SHOW CAUSE

Petitioner Miguel Ceja Gomez ("Petitioner") challenges his detention pursuant to 28

U.S.C. § 2241.[2] The issues raised in the Petition require an answer from Respondents. The Court

---

[1] Although Secretary Noem will reportedly cease to hold office on March 31, 2026, the Court will wait to order substitution until her successor has been appointed. *See* FED. R. CIV. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . resigns[] or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . The court may order substitution at any time . . . .").

[2] *See generally* Pet., ECF No. 1.

therefore **ORDERS** Respondents to show cause why the Court should not grant a writ of habeas corpus.

## I.    Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on March 18, 2026, while detained at Camp East Montana in El Paso, Texas.[3] Petitioner challenges his detention on statutory, administrative, and constitutional grounds.[4] Petitioner asks the Court to order, *inter alia*, his immediate release.[5]

## II.    Discussion

Under 28 U.S.C. § 2241, a detainee may challenge their confinement as unlawful by filing a habeas corpus petition.[6] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[7]

---

[3] *See id.* at 4 ("[Petitioner] is currently detained in Respondents custody in the Western District of Texas, and is believed to be housed at ERO El Paso Camp East Montana in El Paso, Texas.").

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[4] *Id.* at 19–22.

[5] *Id.* at 22–23.

[6] *See* 28 U.S.C. § 2241(c) (requiring petitioners to show that they are "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[7] *See* RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

Habeas Rule 4 requires the Court to "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[8] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted."[9] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[10] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[11] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[12]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondents to show cause within three days why the

---

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

[8] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

[9] 28 U.S.C. § 2243.

[10] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[11] 28 U.S.C. § 2243.

[12] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

### III.    Conclusion

For the foregoing reasons, the Court **ORDERS** Respondents to file a response to the "Verified Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **March 23, 2026**. This response must identify each factual allegation contained in the Petition that Respondents dispute. Petitioner may file a reply within <u>three days</u> after Respondents serve their response.[13] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court further **ORDERS** the parties to inform the Court if (1) an order of removal is entered against Petitioner while this case is pending; and (2) if the order of removal becomes final.[14]

The District Clerk shall **SERVE** copies of the "Verified Petition for Writ of Habeas Corpus" (ECF No. 1) and this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[15]

---

[13] *See generally* FED. R. CIV. P. 6(a) (providing methods for computing time).

[14] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[15] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").

So ORDERED and SIGNED this 19th day of March 2026.

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**