**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MIGUEL CEJA GOMEZ,**<br><br>***Petitioner*,**<br>**v.**<br><br>**TODD BLANCHE,** U.S. Attorney General; **MARKWAYNE MULLIN,** Secretary of Homeland Security; **DAVID J. VENTURELLA,** Senior Official Performing the Duties of the Director of U.S. Immigration and Customs Enforcement; **MARY DE ANDA-YBARRA,** Field Office Director for Enforcement and Removal Operations; **U.S. DEPARTMENT OF HOMELAND SECURITY; SIRCE OWEN,** Acting Director of Executive Office of Immigration Review; **EXECUTIVE OFFICE OF IMMIGRATION REVIEW;** *and* **JOHN DOE,** Warden of ERO East Montana El Paso Detention Facility,<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § | **EP-26-CV-00765-DCG** |

**<u>ORDER DISMISSING CASE AS MOOT</u>**

This Court previously observed that the government's online databases indicate that: (1) an Immigration Judge entered a removal order in May against Petitioner, which he did not appeal, and (2) Petitioner does not appear to be in custody anymore.[1] Accordingly, the Court ordered Petitioner to show cause by November 2, 2026 why this case should not be dismissed as moot.[2] Petitioner did not file a response by the deadline.

---

[1] Order Pet'r Show Cause, ECF No. 13.

[2] *Id.* at 2; *see also Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United

The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[3]

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 3rd day of November 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

States mooted any habeas claim to relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020).

[3] *See Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").